UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.:_____

| | |
|---|---|
| LINDA ROUNDTREE, Individually and On Behalf of Others Similarly Situated, | CLASS ACTION |
| Plaintiff, | |
| vs. | |
| BUSH ROSS, P.A., | |
| Defendant. | |

**PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

Plaintiff Linda Roundtree ("Plaintiff"), individually and on behalf of others similarly situated, by and through her undersigned counsel, sues Bush Ross, P.A. ("Bush Ross" or "Defendant"), and alleges as follows:

**NATURE OF ACTION**

1. This is a class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, where Plaintiff' resides in this State and this District, and where Defendant transacts business in this State and this District.

1

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Hillsborough.

5. Plaintiff is obligated, or allegedly obligated, to pay a debt alleged to be in default by the original creditor, North Bay Village Condominium Association, Inc. (the "Debt").

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

7. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family or household purposes, namely association assessments, and thus is a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

8. Defendant is Florida professional association with principal offices situated at 1801 N. Highland Avenue, Tampa, FL 33602. Defendant may be served through its registered agent, Bush Ross Registered Agent Services, LLC, at its principal office address.

9. Defendant is a law firm that was retained by North Bay Village Condominium Association, Inc. for the purpose of attempting to collect an alleged debt from Plaintiff.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, by another.

11. Defendant is a "debt collector" as defined by the FDCPA.

## FACTUAL ALLEGATIONS

12. On or about February 12, 2013, Defendant sent, or caused to be sent, a written communication to Plaintiff, referencing an alleged debt to North Bay Village Condominium

Association. A true and correct copy of the February 12, 2013 communication is attached hereto as Exhibit A.

13. The February 12, 2013 communication was the initial communication Plaintiff received from Defendant.

14. The February 12, 2013 communication stated that Plaintiff owed $4,531.12, including, among other charges, attorneys' fees of $185.00, "costs associated with the preparation and delivery of this demand" of $5.00, a "short title search" of $15.00, and an "Administrative Fee" of $150.00. Ex. A at 2.

15. While the first page of the February 12, 2013 communication provided the disclosures required by 15 U.S.C. §1692g, the second page of the communication stated, in pertinent part:

> Unless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate actions to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon. If a claim of lien is filed against your unit to collect the amounts stated hereinabove, you will be responsible for the cost of recording the lien ($18.50), a title search ($25.00), and certified mail ($5.00 per unit owner per address), plus additional attorney's fees of approximately $200.00.
>
> \* \* \*
>
> This is the only communication regarding this matter that you will receive prior to the filing of a claim of lien. Any partial or lesser payment which is received after the date of this letter will be applied in accordance with Florida Statute §718.116(3), and you will be responsible for all additional attorney's fees and costs.

Ex. A. at 2.

16. The February 12, 2013 communication then stated:

> Any further communication regarding this matter shall be in writing for your own protection.

Ex. A. at 3.

17. On August 30, 2013, North Bay Village Condominium Association, Inc. filed a complaint against Ms. Roundtree in Hillsborough County Court to foreclose on Ms. Roundtree's

property as a result of the allegedly delinquent homeowners' assessments. The Complaint was signed by Steven H. Mezer and Nathan A. Frazier, on behalf of Defendant Bush Ross.

18. Included with the county court complaint was a one-page "Notice Required By the Fair Debt Collection Practices Act"—a true and correct copy of which is attached hereto as Exhibit B— which stated:

### NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. SECTION 1692, AS AMENDED

1. The amount of the debt is set forth in the complaint which is attached to this notice.

2. The Plaintiff has set forth in the attached Summons and Complaint the creditor to whom this debt is owed.

3. The Debtor may dispute the validity of this debt, or any portion thereof, within thirty (30) days of receipt of this notice. If the debtor fails to dispute within thirty (30) days, the debt will be assumed valid by the creditor.

4. If the Debtor notifies the creditor's law firm within thirty (30) days from receipt of this Notice that the debt, or any portion thereof is disputed, the creditor's law firm will obtain verification of the debt or a copy of a judgment and a copy of the verification will be mailed to the Debtor by the creditor's law firm.

5. If the creditor named herein is not the original creditor, and if the debtor makes request to the creditor's law firm within thirty (30) days of receipt of this notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

6. Request pursuant to this notice may be made via telephone at (813) 204-6492, via facsimile at (813) 223-9620, or via mail addressed to **FAIR DEBT COLLECTION, c/o Steven H. Mezer, Esquire, BUSH ROSS, P.A., P.O. Box 3913, Tampa, FL 33601.**

7. This communication is for the purpose of collection of a debt, and any information obtained from the debtor will be used for that purpose.

19. However, because the county court complaint was served on Plaintiff more than 30 days after Defendant's initial written communication, Plaintiff no longer had the rights conferred by 15 U.S.C. §1692g.

20. In any event, the summons issued with the Complaint stated that "written defenses to the complaint" must be served on Bush Ross "within 20 days after service of this summons…" If

4

Ms. Roundtree did not respond, in writing, within 20 days, the summons provided that "a default will be entered against [Ms. Roundtree] for the relief demanded in the complaint or petition."

21. Upon information and good-faith belief, Defendant, as a matter of pattern and practice, includes its one-page "Notice Required By the Fair Debt Collection Practices Act" with each lawsuit it files to collect consumer debts.

22. Upon information and belief, Defendant, as a matter of pattern and practice, sends initial written communications to Florida debtors using language substantially similar or materially identical to that utilized by Defendant in its February 12, 2013 communication to Plaintiff.

23. Upon information and belief, Defendant, as a matter of pattern and practice, collects and/or attempts to collect fees incidental to the principal obligation from consumers for its collection efforts, including fees, charges, and/or expenses, when such fees, charges, and/or expenses are not expressly authorized by the agreement creating the debt or otherwise permitted by law.

## CLASS ACTION ALLEGATIONS

24. Plaintiff bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of three Classes consisting of:

### The Overshadowing Class

All persons located in the State of Florida to whom, within one year before the date of this complaint, Bush Ross, P.A. sent an initial written communication in connection with an attempt to collect any purported consumer debt, in which the written communication stated as follows:

> Unless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate actions to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon.

> and/or

> This is the only communication regarding this matter that you will receive prior to the filing of a claim of lien.

5

>   and/or
>
>   Any further communication regarding this matter shall be in writing for your own protection.

### The Fee Class

All persons located in the State of Florida to whom, within one year before the date of this complaint, Bush Ross, P.A. sent a demand for payment for Bush Ross, P.A.'s fees and expenses incurred in connection with its attempts to collect a debt from such person.

### The Lawsuit Class

All persons located in the State of Florida to whom, within one year before the date of this complaint, Bush Ross, P.A. sent a "Notice Required By the Fair Debt Collection Practices Act" as part of a lawsuit filed by Bush Ross, P.A. against such person.

Excluded from the Classes is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

25. The proposed classes are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed classes are ascertainable in that the names and addresses of all members of the Classes can be identified in business records maintained by Defendant.

26. Plaintiff's claims are typical of the claims of the members of the Classes because Plaintiff and all claims of the members of the Classes originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff has suffered the same injuries as each member of the Classes. Plaintiff has retained counsel experienced and competent in class action litigation.

27. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the

damages suffered by individual members of the Classes may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Classes to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

28. Issues of law and fact common to the members of the Classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Classes. Among the issues of law and fact common to the Classes are:

a. Defendant's violations of the FDCPA as alleged herein;

b. Whether Defendant's initial written communications are misleading to the least-sophisticated consumer;

c. Whether Defendant's initial written communications overshadow and render ineffective the disclosures as required under 15 U.S.C. § 1692g;

d. the existence of Defendant's identical conduct particular to the matters at issue;

e. the availability of statutory penalties; and

f. the availability of attorneys' fees and costs.

### COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692g
### On behalf of Plaintiff and the Overshadowing Class

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 28.

30. 15 U.S.C. §1692g provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

      (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

      (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

      (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

31.    The manner in which Defendant conveyed the validation notice required by 15 U.S.C. §1692g was ineffective and overshadowed and contradicted the statutory notice.

32.    Specifically, the February 13, 2013 communication stated: "Unless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate actions to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon." This statement conveyed to the least-sophisticated consumer that the only way to avoid a lien and foreclosure proceedings was to make full payment within 30 days when, in reality, the consumer could dispute all or a portion of the debt during the 30-day validation window.

33.    In addition, the February 13, 2013 communication stated: "This is the only communication regarding this matter that you will receive prior to the filing of a claim of lien." This statement conveyed to the least-sophisticated consumer that any dispute of the debt would be a

worthless exercise as Defendant would not provide any response to the dispute and instead would file a claim of lien.

34. Separately, the February 13, 2013 communication stated: "Any further communication regarding this matter shall be in writing for your own protection." This statement conveyed to the least-sophisticated consumer that all communications must be in writing, including any disputes of the validity of the alleged debt, which therefore could not be made orally or by other means.

35. Importantly, 15 U.S.C. § 1692g(3) does not require that a consumer dispute the validity of a debt in writing.

36. The effect of the February 13, 2013 communication was to cause the least-sophisticated consumer to waive, or believe the consumer did not have, the rights afforded under 15 U.S.C. § 1692g. In addition, Defendant's February 13, 2013 communication overshadowed and rendered ineffective the disclosures required by 15 U.S.C. § 1692g.

### COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692e(2)
### On behalf of Plaintiff and the Fee Class

37. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 28.

38. 15 U.S.C. §1692e(2) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*      \*      \*

> The false representation of—
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

39. The February 13, 2013 communication stated that Plaintiff owed Defendant monies in connection with the collection of the Debt.

40. However, Defendant had no right to charge, or attempt to collect, fees incident to the collection of Plaintiff's Debt.

41. In addition, the February 13, 2013 communication overstated the amount owed by Plaintiff because it included fees and expenses allegedly incurred by Defendant in connection with the collection of the Debt to which Defendant was not entitled.

42. As such, Defendant violated 15 U.S.C. § 1692e(2) by falsely stating the amount of Plaintiff's Debt and by falsely representing the compensation it was due for the collection of Plaintiff's Debt.

### COUNT III: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692e(10)
### On behalf of Plaintiff and the Fee Class

43. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 28.

44. 15 U.S.C. §1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*   \*   \*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

45. Specifically, the February 13, 2013 communication stated that Plaintiff owed Defendant monies in connection with the collection of the Debt.

46. However, Defendant had no right to charge, or attempt to collect, fees incident to the collection of Plaintiff's debt.

47. As such, Defendant violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt.

### COUNT IV: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692f(1)
### On behalf of Plaintiff and the Fee Class

48. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 28.

49. 15 U.S.C. §1692f(1) provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

50. The fees charged by Defendant were not authorized by any agreement creating Plaintiff's alleged debt or permitted by law.

51. As such, Defendant violated 15 U.S.C. §1692f(1) by attempting to collect, and/or collecting an amount that was not expressly authorized by the agreement creating the debt or permitted by law.

### COUNT V: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692f
### On behalf of Plaintiff and the Fee Class

52. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 28.

53. 15 U.S.C. §1692f provides:

11

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt

54. The least-sophisticated consumer would view Defendant's February 13, 2013 communication as an unfair or unconscionable means to collect or attempt to collect any debt, because of the letter's threats to place a lien and foreclose if full payment is not made within 30 days, in combination with added fees and expenses not authorized by law or contract.

55. As such, Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to collect or attempt to collect any debt.

### COUNT VI: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692e(10)
### On behalf of Plaintiff and the Litigation Class

56. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 28.

57. 15 U.S.C. §1692e(10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*   \*   \*
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

58. In the county court complaint it filed against Ms. Roundtree, Bush Ross included a one-page "Notice Required By the Fair Debt Collection Practices Act."

59. Bush Ross served Plaintiff with the "Notice Required By the Fair Debt Collection Practices Act" at the same time it served its lawsuit.

60. The "Notice Required By the Fair Debt Collection Practices Act" contained multiple false representations, including the following:

12

3. The Debtor may dispute the validity of this debt, or any portion thereof, within thirty (30) days of receipt of this notice. If the debtor fails to dispute within thirty (30) days, the debt will be assumed valid by the creditor.

4. If the Debtor notifies the creditor's law firm within thirty (30) days from receipt of this Notice that the debt, or any portion thereof is disputed, the creditor's law firm will obtain verification of the debt or a copy of a judgment and a copy of the verification will be mailed to the Debtor by the creditor's law firm.

5. If the creditor named herein is not the original creditor, and if the debtor makes request to the creditor's law firm within thirty (30) days of receipt of this notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

6. Request pursuant to this notice may be made via telephone at (813) 204-6492, via facsimile at (813) 223-9620, or via mail addressed to **FAIR DEBT COLLECTION, c/o Steven H. Mezer, Esquire, BUSH ROSS, P.A., P.O. Box 3913, Tampa, FL 33601.**

61. These representations were false and misleading because they inaccurately state the process for responding to a lawsuit under Florida law. Specifically, Plaintiff only had 20 days—not 30—to respond to the complaint without risking default judgment. Moreover, the Notice directs Plaintiff to respond via telephone or facsimile to Bush Ross—not the Court— which would convey to the least-sophisticated consumer that she need not file and serve a written response to the complaint.

62. In addition, because the lawsuit was filed long after the initial written communication sent by Defendant to Plaintiff, Plaintiff no longer had the rights and protections afforded by 15 U.S.C. §1692g available to her, despite the representations in the Notice to the contrary.

63. As such, Defendant violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully requests for relief and judgment, as follows:

(a) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging and declaring that Defendant violated 15 U.S.C. §1692g, 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), , 15 U.S.C. §1692e(10), 15 U.S.C. §1692f, and 15 U.S.C. §1692f(1);

(c) Awarding Plaintiff and members of the Classes statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000.00 per class member;

(d) Awarding Plaintiff and members of the Classes actual damages sustained as a result of Defendant's violations, pursuant to 15 U.S.C. §1692k;

(e) Awarding Plaintiff and members of the Classes their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1692k;

(f) Enjoining Defendant from taking any of the violative actions referenced herein with regard to Plaintiff and the Classes;

(g) Awarding Plaintiff and the Classes any pre-judgment and post-judgment interest as may be allowed under the law; and

(h) Awarding other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED:  February 7, 2014		Respectfully submitted,


		*/s/ Michael L. Greenwald*
		MICHAEL L. GREENWALD
		Florida Bar No. 761761
		JAMES L. DAVIDSON
		Florida Bar. No. 723371
		GREENWALD DAVIDSON PLLC
		5550 Glades Road, Suite 500
		Boca Raton, FL 33431
		Telephone: 561.826.5477
		Fax: 561.961.5684
		mgreenwald@mgjdlaw.com
		jdavidson@mgjdlaw.com

		*Attorneys for Plaintiff and the Proposed Classes*