UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA ROUNDTREE,
*individually and on behalf of others similarly situated,*

    Plaintiff,

vs.                                                   Case No.: 8:14-cv-00357-T-27AEP

BUSH ROSS, P.A.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion to Strike Defendant's Offer of Judgment Dated March 24, 2014 (Dkt. 11), to which Defendant has responded in opposition (Dkt. 18), and Bush Ross's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 14), to which Plaintiff has responded in opposition (Dkt. 20). Upon consideration, the motions (Dkts. 11, 14) are DENIED.

### INTRODUCTION

In this putative class action, Plaintiff Linda Roundtree alleges that Defendant Bush Ross, P.A. violated the Fair Debt Collection Practices Act by sending deficient and ineffective notices to debtors and by using false, deceptive, misleading, unfair, or unconscionable means to collect or attempt to collect a debt. *See* 15 U.S.C. §§ 1692e, 1692f, 1692g. *See generally* Dkt. 1. On March 24, 2014, about six weeks after the Complaint was filed, Bush Ross served on Roundtree a Rule 68 Offer of Judgment (Dkt. 14-1). It offered Roundtree judgment against Bush Ross in the amount of $1,001.00, plus reasonable attorney's fees and taxable costs (*id.*). One week later, Roundtree filed her motion for class certification (Dkt. 10), accompanied by this motion to strike the offer of judgment (Dkt. 11).

1

Roundtree argues that the Offer of Judgment must be stricken because it is an improper attempt to "pick off" the class representative of a putative class action and because it creates impermissible conflicts within the putative class that might prevent certification of the class under Rule 23. Bush Ross argues that the Federal Rules of Civil Procedure do not provide a mechanism for striking an offer of judgment. It also argues that the Offer of Judgment renders moot Roundtree's claim by offering more than the claimed value of Roundtree's cause of action.

## MOTION TO STRIKE THE OFFER OF JUDGMENT

There is a split among district courts as to whether precertification offers of judgment to class representatives may be stricken. *See Mey v. Monitronics Int'l, Inc.*, Civil Action No. 5:11CV90, 2012 WL 983766, at *2 (N.D.W.V. Mar. 22, 2012) (describing split). Some courts have found that precertification offers of judgment are impermissible attempts to create conflicts of interest between the class representative and absent class members, while others have recognized that neither Rule 68 nor Rule 12 authorizes striking an offer of judgment simply because it is directed to a class representative. *Id.* at *5. Siding with the latter theory, *Mey* reasoned that "[t]he mere potential for a conflict . . . does not require a court to strike an offer of judgment . . . . Indeed, the decisions in *McDowall*,[1] *Buechler*,[2] and *Stovall*[3] all note that, until a defendant files a notice of the refused offer of judgment and demands costs, there is 'nothing to strike.'" *Mey*, 2012 WL 983766, at *5 (quoting *Stovall*, 2011 WL 4402680, at *5; *Buechler*, 2010 WL 1664226, at *3; *McDowell*, 216 F.R.D. at 49).

*Mey* also harmonized Rule 68 with the conflicts of interest that can potentially derail certification. *See generally In re Photochromic Lens Antitrust Litig.*, MDL Docket No. 2173, 2014

---

[1] *McDowall v. Cogan*, 216 F.R.D. 46, 49 (E.D.N.Y. 2003).

[2] *Buechler v. Keyco, Inc.*, No. WDQ-09-2948, 2010 WL 1664226, at *3 (D. Md. Apr. 22, 2010).

[3] *Stovall v. SunTrust Mortg., Inc.*, No. RDB-10-2836, 2011 WL 4402680, at *5 (D. Md. Sep. 20, 2011).

WL 1338605, at *14 (M.D. Fla. Apr. 3, 2014) (Whittemore, J.) (denying certification, in part due to fundamental economic conflicts of interest between the class representatives and absent class members). A conflict of interest cannot arise should the class be certified because the offer of judgment will effectively "disappear." *Mey*, 2012 WL 983766, at *5; *McDowall*, 216 F.R.D. at 50. "The adversary then will have changed from [the named plaintiff] alone to an entire class and the original offer of judgment will no longer be enforceable against the single named plaintiff. Conversely, if this case does not proceed to class certification, [the defendant's] offer of judgment will stand, and, if applicable, [the plaintiff] will be held to the cost requirements imposed by Rule 68(d)." *Mey*, 2012 WL 983766, at *5.

The reasoning of the district court in *Mey* is persuasive. Unlike the cases cited by Roundtree, *Mey* recognizes that there is no procedural mechanism in the Federal Rules of Civil Procedure for striking an offer of judgment, nor has any appellate court approved such an action. Tellingly, the Advisory Committee to the Rules of Civil Procedure proposed a revision of Rule 68 in 1984 that would have expressly precluded offers of judgment in class actions for the reasons argued by Roundtree, but the proposal was rejected. *See Preliminary Draft of Proposed Amendments to the Fed. R. App. P, Fed. R. Civ. P, Fed. R. Crim. P. & Rules Governing § 2254 Cases & § 2255 Proceedings in the U.S. Dist. Cts.*, 102 F.R.D. 407, 436 (Comm. on Rules of Practice & Procedure of the Judicial Conference of the U.S. 1985). Roundtree's motion to strike the March 21, 2014 Offer of Judgment from Bush Ross is therefore due to be denied.[4]

### MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

A case becomes moot only when it is impossible for a court to grant "any effectual relief

---

[4] "To the extent this possibility requires [Roundtree] to make a difficult choice at an early state of litigation, this merely reflects the strategic nature of our adversary system and in no way indicates a defect in the Federal Rules of Civil Procedure." *Mey*, 2012 WL 983766, at *5.

whatever to the prevailing party." *Knox v. Serv. Employees Int'l Union*, 132 S.Ct. 2277, 2287 (2012) (internal quotations omitted). "[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Ellis v. Railway Clerks*, 466 U.S. 435, 442 (1984).

The FDCPA allows plaintiffs to recover "any actual damage sustained by such person," as well as "such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. §§ 1692k(a)(1), (a)(2)(A). The Offer of Judgment exceeds the $1,000 in statutory damages allowed by § 1692k(a)(1), but it does not account for any actual damages alleged by Roundtree (*see* Dkt. 1 ¶¶ 14, 23, 24, 63(d)). Roundtree therefore still has a "concrete interest" in the outcome of the litigation in the form of actual damages, and the case is not mooted by the Offer of Judgment. *Accord Newton v. Palm Coast Recovery Corp.*, No. 13-62051-CIV, 2014 WL 293484, at *3 (S.D. Fla. Jan. 27, 2014) ("[S]ince Palm Coast's Offer does not include Netwon's claimed actual damages, the Offer does not moot this case."). *Cf. Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1167-68 (11th Cir. 2012) ("The district court erred in finding Appellees' settlement offers rendered moot Appellants' FDCPA claims because the settlement offers did not offer full relief. . . . Because the settlement offers were not for the full relief requested, . . . the cases were not moot.").

Accordingly, Plaintiff's Motion to Strike Defendant's Offer of Judgment Dated March 24, 2014 (Dkt. 11) is **DENIED**, and Bush Ross's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 14) is **DENIED**.

**DONE AND ORDERED** this 24th day of April, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record