UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA ROUNDTREE, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

BUSH ROSS, P.A.,

    Defendant.
_____/

Case No.: 8:14-cv-00357-JDW-AEP

## DECLARATION OF ERIC N. APPLETON

On this day, June 5, 2014, I, Eric N. Appleton, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. My legal name is Eric N. Appleton.

2. I am over the age of 18 and am otherwise competent to make this Declaration.

3. I am a shareholder in Defendant BUSH ROSS, P.A. ("Bush Ross").

4. The information contained in this Declaration is based upon personal knowledge gained through my employment with Bush Ross, as well as my review of relevant business records.

5. I am familiar with the facts and circumstances of the instant case.

6. As part of my practice, I send letters, file lien notices, and file foreclosure actions on behalf of community associations to whom members owe delinquent assessments as defined by the bylaws.

1692519.v1

7. During the course of this litigation, I became aware that Plaintiff had served discovery requests that sought information and document related to "persons" to whom Bush Ross sent collection letters or against whom Bush Ross had filed collection lawsuits on behalf of condominium or homeowners' associations.

8. It is my understanding that the Fair Debt Collection Practices Act ("FDCPA") protects "consumers" from whom debt collectors attempt to collect a "debt". I also understand that the FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt" and that the FDCPA defines "debt" as:

> any obligation or alleged obligations of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for persona, family, or household purposes, whether or not such obligation has been reduced to a judgment.

9. From my experience, I am aware of the fact that during the "class period" defined by Plaintiff in this case Bush Ross has collectively sent or served more than 1,000 collection letters or foreclosure lawsuits. I am further aware of the fact that oftentimes the association member that is delinquent in paying assessments is a legal entity, such as a corporation or LLC, and that the real property at issue is often rental property—regardless of whether it is owned by a legal entity or "natural person".

10. In response to Plaintiff's discovery requests in this matter, attorney Sean Boynton and I undertook to conduct a review of less than 10% of the Bush Ross's collection files for the class period. This "sampling" was conducted to attempt to determine, as a general proposition, how often the delinquent association member was a legal entity as opposed to a "natural person".

11. Attorney Boynton, who is also a shareholder in Bush Ross, and I spent approximately 10 hours compiling basic data culled from the sampled files.

12. Upon completion of the sampling, we determined that in excess of 50% of the condominium association collection files reviewed from the sample involved delinquent assessment owed by legal entities, such as Government Sponsored Entities (GSEs), including FNMA, corporations, estates and limited liability companies (LLCs).

13. Based upon the "sampling", it is my opinion that Bush Ross would have to expend in excess of 100 attorney hours in order to determine the number of initial collection letters sent to or foreclosure lawsuits filed against "natural persons" during the class period defined by Plaintiff.

Executed on this 5th day of June, 2014

Eric N. Appleton

1692519.v1