UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA ROUNDTREE,

        Plaintiff,

v.                                      Case No. 8:14-cv-357-T-27AEP

BUSH ROSS, P.A.,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Linda Roundtree ("Roundtree") initiated this action, on behalf of herself and others similarly situated, alleging that Defendant Bush Ross, P.A. ("Bush Ross") violated the Fair Debt Collection Practices Act ("FDCPA") (Doc. 1). By the instant motion, Roundtree requests certification of three distinct classes (Doc. 33). Bush Ross opposes such request, essentially arguing that a number of differences exist between Roundtree and potential class members, thereby precluding certification of any of the proposed classes (Doc. 44). For the reasons that follow, it is recommended that Roundtree's Renewed Motion for Class Certification and Appointment of Class Counsel (Doc. 33) be granted.[1]

### I.    Background

On February 12, 2013, Bush Ross sent a written communication (the "Letter") to Roundtree in reference to an alleged debt owed by Roundtree to North Bay Village Condominiums Association, Inc. (the "Association") (Doc. 33, Ex. A). The Letter, which

---

[1] The district judge referred the instant motion to the undersigned for issuance of a report and recommendation (Doc. 34). *See* 28 U.S.C. § 636; M.D. Fla. R. 6.01.

constituted the initial communication from Bush Ross to Roundtree, informed Roundtree that,

as of the date of the Letter, her account with the Association was substantially delinquent and she

therefore owed a balance of $4,531.12.   Namely, the balance included the Association's

assessments, a late fee, an administrative fee, interest, short title search fee, costs associated with

the preparation and delivery of the demand, and attorney's fees.  In addition, the Letter provided

Roundtree with the following notice:

> **NOTICE: The attorney named below is attempting to collect a debt owed to NORTH BAY VILLAGE CONDOMINIUM ASSOCIATION, INC. and any information obtained will be used for that purpose.**
>
> **Unless you, within thirty (30) days after receipt of this letter, dispute the validity of the aforesaid debt (or any portion thereof) owing to NORTH BAY VILLAGE CONDOMINIUM ASSOCIATION, INC., the attorney named below shall assume that the debt is valid.  If you notify the attorney named below within the said 30-day period that the aforesaid debt, or any portion thereof, is disputed, the attorney named below shall obtain written verification of said debt from NORTH BAY VILLAGE CONDOMINIUM ASSOCIATION, INC., and mail same to you.**

(Doc. 33, Ex. A, at 1-2) (emphasis in original).  After listing the various assessments, fees, and

interest due, the written communication stated, in pertinent part:

> Unless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate actions to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon. If a claim of lien is filed against your unit to collect the amounts stated hereinabove, you will be responsible for the cost of recording the lien ($18.50), a title search ($25.00), and certified mail ($5.00 per unit owner per address), plus additional attorney's fees of approximately $200.00.  Please note that the total amount due is calculated through the date of this letter and does not include maintenance assessments which may become due in subsequent months.
>
> This is the only communication regarding this matter that you will receive prior to the filing of a claim of lien.  Any partial or lesser payment which is received after the date of this letter will be applied in accordance with Florida Statute §

718.116(3), and you will be responsible for all additional attorney's fees and costs.

Any further communication regarding this matter shall be in writing for your own protection.  If you are in doubt about your legal rights or remedies, you should consult the legal counsel of your choice.

(Tr. 33, Ex. A, at 3-4).

Subsequently, on August 30, 2013, Bush Ross, on behalf of the Association, filed a complaint against Roundtree in state court seeking to foreclose upon Roundtree's property as a result of the allegedly delinquent assessments and fees.  With the state-court complaint, Bush Ross attached a one-page "Notice Required by the Fair Debt Collection Practices Act" (the "Notice"), which stated:

1.   The amount of the debt is set forth in the complaint which is attached to this notice.

2.   The Plaintiff has set forth in the attached Summons and Complaint the creditor to whom the debt is owed.

3.   The Debtor may dispute the validity of this debt, or any portion thereof, within thirty (30) days of receipt of this notice.  If the debtor fails to dispute within thirty (30) days, the debt will be assumed valid by the creditor.

4.   If the Debtor notifies the creditor's law firm within thirty (30) days from receipt of this Notice that the debt, or any portion thereof is disputed, the creditor's law firm will obtain verification of the debt or a copy of a judgment and a copy of the verification will be mailed to the Debtor by the creditor's law firm.

5.   If the creditor named herein is not the original creditor, and if the debtor makes request to the creditor's law firm within thirty (30) days of receipt of this notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

6.   Request pursuant to this notice may be made via telephone at (813) 204-6492, via facsimile at (813) 223-9620, or via mail addressed to **FAIR**

3

> **DEBT COLLECTION, c/o Steven H. Mezer, Esquire, BUSH ROSS, P.A., P.O. Box 3913, Tampa, FL 33601.**
>
> 7.    This communication is for the purpose of collection of a debt, and any information obtained from the debtor will be used for that purpose.

(Doc. 33, Ex. C).  Notably, the state-court complaint and the Notice were served on Roundtree more than 30 days after the initial written communication was sent to Roundtree.

After receiving the Letter and the Notice, Roundtree initiated this action, on behalf of herself and others similarly situated, alleging that Bush Ross violated numerous provisions of the FDCPA, including 15 U.S.C. §§ 1692e(2), 1692e(10), 1692f, 1692f(1), and 1692g (Doc. 1). Essentially, Roundtree alleged that the Letter would cause the least-sophisticated consumer to waive, or believe the consumer did not possess, the rights afforded under the FDCPA and rendered ineffective and overshadowed the statutory notice Bush Ross made pursuant to the FDCPA.  Further, Roundtree alleged that the Letter improperly overstated the amount owed by Roundtree because the balance included fees and expenses allegedly incurred by Bush Ross in connection with the collection of the debt, to which Bush Ross was not entitled as such fees were neither authorized by any agreement creating Roundtree's debt or permitted by law.  Roundtree alleged that Bush Ross therefore improperly sought to charge and collect fees incident to Roundtree's debt.  According to Roundtree, Bush Ross's use of the Letter to collect the debt also constituted an unfair or unconscionable means to collect or attempt to collect a debt because of the Letter's threat to place a lien and foreclose upon Roundtree's property if full payment was not made within 30 days, especially when considered with the allegedly unauthorized fees and expenses listed in the Letter.  Finally, Roundtree alleged that the Notice contained multiple false

4

and misleading representations that inaccurately stated the process for responding to a lawsuit under Florida law, directed Roundtree to contact Bush Ross directly rather than file anything with the court, and misrepresented to Roundtree that she still possessed the rights and protections under the FDCPA even though such rights had actually lapsed prior to receipt of the Notice.

In asserting her claims, Roundtree alleged violations on behalf of herself and those similarly situated.  Indeed, each claim is asserted on behalf of Roundtree and a proposed class.[2] By the instant motion, Roundtree seeks to certify the following three classes:

### The Overshadowing Class[3]

All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent an initial written communication, which was not returned as undeliverable, in connection with an attempt to collect any alleged consumer debt, in which the initial written communication stated as follows:

> Unless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate actions to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon.

> and/or

> This is the only communication regarding this matter that you will receive prior to the filing of a claim of lien.

> and/or

> Any further communication regarding this matter shall be in

---

[2]  Count I pertains to the Overshadowing Class; Counts II-V pertain to the Fee Class; and Count VI pertains to the Litigation Class (Doc. 1, at 7-14).

[3]  The undersigned conducted a hearing on the instant motion on December 3, 2014. During the hearing, Roundtree asserted that she had no objection to excluding from the Overshadowing Class individuals for whom the initial written communication was returned as undeliverable.  The Overshadowing Class has been modified accordingly.

writing for your own protection.

### The Fee Class

All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent a demand for payment for Bush Ross, P.A.'s fees and expenses incurred in connection with its attempts to collect a debt from such person.

### The Lawsuit Class

All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent a "Notice Required by the Fair Debt Collections Practices Act" as part of a lawsuit filed by Bush Ross, P.A. against such person.

(Doc. 33, at 2-3).  Bush Ross opposes certification of any class, arguing that the proposed classes do not satisfy the requirements of Rule 23, Federal Rules of Civil Procedure (Doc. 44).  Most notably, Bush Ross contends that individualized issues predominate over the common questions of law and fact present in Roundtree's and the putative class members' FDCPA claims, including such issues as the FDCPA's protection of consumers rather than landlords, inclusion of persons in a class whose claims may be barred, the computation of each class member's actual damages, and the inclusion of unidentifiable persons who may have claims and would unknowingly become bound by a final judgment (Doc. 44, at 2).

**II.      Standard of Review**

District courts maintain broad discretion in determining whether to certify a class. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992).  Since the class action provides an exception to the general rule that litigation be conducted by and on behalf of the individual named parties only, to justify certification of a class, a class representative

6

must be a member of the class and possess the same interest and suffer the same harm as the class

members. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550 (2011) (citations omitted).  The

advocate of the class thus carries the initial burden of proof to establish the propriety of class

certification.  *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000)

(citation omitted).

In determining whether class certification is appropriate, "Rule 23 establishes the legal

roadmap courts must follow."  *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187

(11th Cir. 2003).  Namely, Rule 23(a) requires the moving party to demonstrate that:

> (1)   the class is so numerous that joinder of all members is impracticable;
>
> (2)   there are questions of law or fact common to the class;
>
> (3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4)  the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)-(4).  "Failure to establish any one of these four factors and at least one

of the alternative requirements of Rule 23(b) precludes class certification."  *Valley Drug,* 350

F.3d at 1188 (citation omitted); *Fitzpatrick v. General Mills, Inc.*, 635 F.3d 1279, 1282 (11th Cir.

2011) ("To satisfy Rule 23, the putative class must meet each of the four requirements specified

in 23(a), as well as at least one of the three requirements set forth in 23(b)." (citation omitted)).

Accordingly, if a court determines that the moving party established the numerosity,

commonality, typicality, and adequacy of representation requirements of Rule 23(a), the court

then determines whether the moving party established the requirements of one of three possible

categories under Rule 23(b).  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14 (1997);

*Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) (citations omitted).   In this

instance, Roundtree seeks certification of the classes pursuant to Rule 23(b)(3).   Under Rule

23(b)(3), a class action may be maintained if Rule 23(a) is satisfied and if:

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:
>
>> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>>
>> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>>
>> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>>
>> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3)(A)-(D).

In determining the propriety of a class action, the question is whether the moving party

meets the requirements of Rule 23, not whether the moving party states a cause of action or will

prevail on the merits.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (citation omitted).

Though a district court may not properly reach the merits of a claim when considering the

propriety of class certification, "this principle should not be talismanically invoked to artificially

limit a trial court's examination of the factors necessary to a reasoned determination of whether

a plaintiff has met her burden of establishing each of the Rule 23 class action requirements."

*Love v. Turlington*, 733 F.2d 1562, 1564 (11th Cir. 1984) (internal citation omitted).  Indeed,

though a district court should not determine the merits of the moving party's claim at the class certification stage, the district court can consider the merits to the degree necessary to determine whether the moving party satisfied the requirements of Rule 23. *Heffner v. Blue Cross and Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006) (citations omitted); *see Dukes*, 131 S.Ct. at 2551-52 (stating that "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question, ... and that certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied ... Frequently that rigorous analysis will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped. The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." (internal citations, internal quotations, and citations omitted)).

### III.   Discussion

#### A.   Standing

Prior to the certification of a class, and before undertaking any formal typicality or commonality review, "the district court must determine that at least one named class representative has Article III standing to raise each class subclaim." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). Roundtree asserts her individual and class claims in this action pursuant to the FDCPA based upon her receipt of the Letter and the Notice from Bush Ross. In response, Bush Ross does not dispute Roundtree's standing to bring such claims. Accordingly, the analysis turns to whether Roundtree met the requirements of Rule 23.

### B.    Rule 23(a)

#### i.    Numerosity

Initially, Roundtree must demonstrate that the class is so numerous that joinder of all members would be impracticable.  Fed. R. Civ. P. 23(a)(1).  To establish numerosity, the moving party typically must demonstrate either some evidence or a reasonable estimate of the number of purported class members.  *Kuehn v. Cadle Co., Inc.*, 245 F.R.D. 545, 548 (M.D. Fla. 2007) (citation omitted).  Though no fixed numerosity rule exists, generally determines less than twenty-one members of a proposed class is inadequate to establish numerosity and more than forty members of a proposed class is adequate to establish numerosity, with numbers between varying based upon other factors.  *See Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986); *see Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 878 (11th Cir. 1986) (concluding that a district court did not abuse its discretion in finding that the numerosity requirement had been met where a plaintiff identified at least thirty-one individual class members).  In determining numerosity, a district court may consider such factors as the size of the class, the ease of identifying the class members and determining the addresses of class members, the facility of effecting service upon class members if joined, and the geographic dispersion of class members.  *Kilgo*, 789 F.2d at 878.

Here, Roundtree contends that more than fifty Florida residents are members of each of the three proposed classes (Doc. 33, at 12).   Roundtree bases this assertion upon Bush Ross's Amended Response to Roundtree's First Set of Interrogatories (Doc. 33, Ex. B), in which Bush Ross states that it (1) sent more than fifty first-contact collection letters containing the sentence

"Unless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate actions to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon" to Florida addresses between February 7, 2013 and February 6, 2014, in an attempt to collect a debt on behalf of an association; (2) sent more than fifty first-contact collection letter containing the sentence "This is the only communication regarding this matter that you will receive prior to the filing of a claim of lien" to Florida addresses between February 7, 2013 and February 6, 2014, in an attempt to collect a debt on behalf of an association; (3) sent more than fifty letters to Florida addresses between February 7, 2013 and February 6, 2014, seeking payment of monies purportedly due an association, including attorneys' fees and/or expenses incurred in connection with Bush Ross's legal services; and (4) filed more than fifty foreclosure complaints on behalf of an association in an attempt to collect past-due assessments in Florida between February 7, 2013 and February 6, 2014 (Doc. 33, Ex. B., at 9-13).  Furthermore, Bush Ross provided sworn testimony by a shareholder that, during the period of time beginning February 7, 2013 and ending February 6, 2014, "Bush Ross has collectively sent or served more than 1,000 collection letters or foreclosure lawsuits" (Doc. 45, Declaration of Eric N. Appleton ("Appleton Decl."), at ¶ 9).  Notably, though Bush Ross initially contested the issue of numerosity, it conceded the issue during the hearing on the instant motion.  As a result, Roundtree has established numerosity.

### ii.      Commonality

Roundtree next must establish commonality, or that there exists questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2).  Commonality pertains to the group characteristics

of the class as a whole, whereas typicality pertains to the individual characteristics of the named plaintiff in relation to the class. *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001) (citation omitted).  To meet the commonality requirement, the moving party must demonstrate that the class action involves issues susceptible to class-wide proof. *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) (citation omitted).  Essentially, the moving party must show that the determination of the truth or falsity of a common contention will resolve an issue that is central to the validity of each of the claims in one stroke. *Dukes*, 131 S.Ct. at 2551.  Commonality therefore requires "at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams*, 568 F.3d at 1355 (citation and quotation omitted).  Notably, "Rule 23 does not require that all the questions of law and fact raised by the dispute be common." *Cox*, 784 F.2d at 1557(citations omitted).

In this instance, Roundtree asserts that her claims and the claims of the putative class members originate from the same conduct, practice, and procedure employed by Bush Ross. Namely, Bush Ross issued standardized initial debt collection letters, charged and sought to collect fees incident to the collection of a debt, and included untimely debt collection disclosures in its foreclosure filings.  The question of whether each of these actions by Bush Ross violates the FDCPA is a legal question common to all members of the putative class and requires proof of the same material facts.  *See Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 700 (M.D. Fla. 2000) ("The principle legal issues arising from the collection letters is whether the letters violate the FDCPA and FCCPA.  All members of the prospective class could be affected from the issue regarding the letters sent.  The Court finds the commonality requirement is satisfied

because one common issue is sufficient to meet the commonality requirement of Rule 23."); *see Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999) ("To establish commonality, it is sufficient that Plaintiff allege that all class members received the same collection letter." (citations omitted)).  Though Bush Ross contends that the determination of the nature of each putative class member's debt (residential or commercial), the potential awards of damages for each putative class member, and the issue of whether a putative class member entered into a settlement or release or filed for bankruptcy defeat the commonality and typicality inquiries, such an argument is unavailing in light of the overarching commonalities of law and fact. Accordingly, Roundtree has established the commonality requirement.

### iii.    Typicality

The next requirement Roundtree must demonstrate is that of typicality.  Though the issues of commonality and typicality require separate inquiries, the proof required for each tends to merge.  *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 456 (11th Cir. 1996) (citation omitted).  As the Eleventh Circuit explained, typicality involves the following:

> A class may be certified only if the claims or defenses of the representative parties are typical of the claims or defenses of the class.  The claim of a class representative is typical if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory.  A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3).  The typicality requirement may be satisfied despite substantial factual differences when there is a strong similarity of legal theories.

*Williams*, 568 F.3d at 1356-57 (internal citations and internal quotation marks omitted); *see Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) ("A sufficient nexus is established if the claims or defenses of the class and the class representative arise from

13

the same event or pattern or practice and are based on the same legal theory.  Typicality, however, does not require identical claims or defenses.  A factual variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class." (citations omitted)).

As noted above, Roundtree asserts that the claims originate from the same conduct, practice, and procedure employed by Bush Ross with respect to its debt collection efforts.  As a result of those practices, Roundtree contends that she possesses the same interests, suffered the same injuries, asserts identical claims, and seeks identical relief as that of the putative class members.  Namely, during the proposed class period, Roundtree received the Letter from Bush Ross with the overshadowing language, Bush Ross sent Roundtree a demand for payment of its fees and expenses incurred in connection with its attempts to collect a consumer debt, and Roundtree received the Notice as part of a lawsuit initiated by Bush Ross against her (*see* Doc. 33, Exs. A, C).  Furthermore, all of Bush Ross's actions occurred in Florida.  As such, Roundtree possesses the same interests and suffered the same injuries as the members of the proposed classes and can therefore assert identical claims and seek identical relief as the members of the proposed classes.  *Williams*, 568 F.3d at 1357; *see Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (citation omitted) ("A class representative must possess the same interest and suffer the same injury as the class members in order to by typical under Rule 23(a)(3) (citation omitted)).

Notwithstanding, Bush Ross reiterates its contention that the determination of the nature of each putative class member's debt (residential or commercial), the potential awards of damages

for each putative class member, and the issue of whether a putative class member entered into a settlement or release or filed for bankruptcy defeats the typicality inquiry. As the Eleventh Circuit has explained, however, "[d]ifferences in the amount of damages between the class representative and other class members does not affect typicality." *Kornberg*, 741 F.2d at 1337 (citation omitted). Furthermore, though a defendant may have a stronger defense against some of the putative class members, such a difference should not render a plaintiff's claims atypical. *Id.* Finally, with respect to the determination of the nature of each putative class member's debt, numerous courts have determined that, in a FDCPA action, a plaintiff need not demonstrate at the class certification stage that the underlying transactions or debt were consumer transactions or consumer debts. *See, e.g., Wilkerson v. Bowman*, 200 F.R.D. 605, 609 (N.D. Ill. 2001) ("As this court's colleagues have noted, the need to show that the transactions involved in a particular case are consumer transactions is inherent in ever FDCPA class action. If that need alone precluded certification, there would be no class actions under the FDCPA." (citations omitted)); *see also Swanson*, 186 F.R.D. at 668 ("To establish commonality under Rule 23 in a FDCPA action, however, a plaintiff need not show that the underlying transactions are consumer transactions at the class certification stage." (citation omitted)). Accordingly, based on the foregoing, Roundtree satisfied the typicality requirement.

### iv.   Adequacy of Representation

Finally, Roundtree must satisfy the adequacy-of-representation requirement, which requires the representative party in a class action to fairly and adequately protect the interests of those she purports to represent. Fed. R. Civ. P. 23(a)(4); *Valley Drug*, 350 F.3d at 1189. In

considering this requirement, the moving party must demonstrate both (1) that her interests and that of her counsel are not antagonistic to or in substantial conflict with those of the rest of the class and (2) that she and her counsel are generally able to adequately prosecute the action and conduct the proposed litigation. *See Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1323 (11th Cir. 2008); *see Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987). Furthermore, in appointing class counsel, a district court must consider (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

Roundtree asserts that her claims are typical of the claims of members of the proposed classes, she has been actively involved in the prosecution of this case thus far, she is committed to fairly and adequately protecting the interests and acting in the best interests of the members of the classes, and she understands her responsibilities as a class representative (Doc. 33, Ex. F, Declaration of Linda Roundtree ("Roundtree Decl."), at 2). In pursuing her claims, Roundtree retained the services of the firm of Greenwald Davidson PLLC ("Greenwald"). As set forth in greater detail in her motion, Greenwald has been appointed as class counsel in a number of actions and thus provides great experience in representing plaintiffs in consumer class actions.

In response, Bush Ross does not contend that the interests of Roundtree or Greenwald are antagonistic or in substantial conflict with the interests of the rest of the purported class members. Likewise, Bush Ross does not argue, and nothing in the record indicates, that Roundtree and

Greenwald cannot adequately prosecute the action or conduct the proposed litigation. Accordingly, the undersigned finds that both Roundtree and Greenwald will adequately represent the classes in this action and that Greenwald should be appointed as class counsel.

### B.    Rule 23(b)(3)

Having satisfied the requirements of Rule 23(a), the analysis turns to whether Roundtree can establish that the proposed class satisfies at least one of the three requirements enumerated in Rule 23(b). *Little*, 691 F.3d at 1304 (citations omitted). As noted above, Roundtree seeks to certify the Overshadowing Class, Fee Class, and Litigation Class pursuant to Rule 23(b)(3), which permits class certification if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### i.    Predominance

To satisfy the predominance requirement, the moving party must demonstrate that the issues in the class action subject to generalized proof, and therefore applicable to the class as a whole, predominate over the issues subject only to individualized proof. *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997) (citations omitted). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Windsor*, 521 U.S. at 623. The predominance inquiry thus focuses upon the legal or factual questions that qualify each class member's case as a genuine controversy and, therefore, is a far more demanding requirement than the commonality

17

requirement under Rule 23(a).  *Jackson*, 130 F.3d at 999 (citation omitted).  Indeed, predominance requires more than just the presence of common issues.  The common issues must actually outweigh and predominate over any individualized issues involved in the litigation.  *Muzuco v. Re$ubmitIt, LLC*, 297 F.R.D. 504, 518 (S.D. Fla. 2013).

"Whether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's underlying cause of action."  *Rutstein*, 211 F.3d at 1234 (citations omitted).  Accordingly, the determination of whether questions of law or fact common to class members predominate necessarily starts with the elements of the underlying cause of action.  *Erica P. John Fund, Inc. v. Haliburton Co.*, 131 S.Ct. 2179, 2184 (2011).  In this instance, Roundtree alleged that Bush Ross violated numerous provisions of the FDCPA, including 15 U.S.C. §§ 1692e(2), 1692e(10), 1692f, 1692f(1), and 1692g (Doc. 1).  To prevail on a claim under the FDCPA, a plaintiff must demonstrate that (1) he or she was the object of collection activity arising from consumer debt; (2) the defendant is a debt collector, as defined by the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA.  *See McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008).

Here, the issues of whether Bush Ross is a debt collector and engaged in collection activity and whether Bush Ross engaged in an act or omission prohibited by the FDCPA are issues common to Roundtree and the members of each of the proposed classes.  Furthermore, the claims of Roundtree and the class members derive from the same legal theories, involve the same collection letters and notices and fee collection practices, and warrant the same statutory damages

18

as a remedy. *Gaalswijk-Knetzke v. Receivables Mgmt. Servs. Corp.*, No. 8:08-cv-493-T-26TGW, 2008 WL 3850657, at *4 (M.D. Fla. Aug. 14, 2008) ("[T]he Court finds that all of the claims of the named Plaintiff and the class members are based on the same legal theories, the same form collection letters, and the same remedy-statutory damages."); *see Sharf v. Fin. Asset Resolution, LLC*, 295 F.R.D. 664, 671 (S.D. Fla. 2014) ("Because the main issue in dispute in this case is whether form letters sent to Plaintiff and all other class members violate the FDCPA and FCCPA, common issues predominate." (citation omitted)); *see Klewinowski v. MFP, Inc.*, No. 8:13-cv-1204-T-33TBM, 2013 WL 5177865, at *4 (M.D. Fla. Sept. 12, 2013) (finding that the requirement of predominance had been met where the plaintiff and all members of the putative class were the subject of the same collection activity and the common question to be decided was whether a collection letter violated the FDCPA); *see Fuller*, 197 F.R.D at 700-01 (determining that the plaintiff met the requirements of Rule 23(b)(3) where the essential factual link between all of the prospective class members was the letters sent by the defendants and the basis for the plaintiffs' claim was the language and content of the letters). These common issues predominate over any individualized issues regarding whether each class member's debt qualified as a consumer debt, the individual defenses available, and whether each class member would be entitled to actual damages. *See Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1261 (11th Cir. 2003) (noting that "numerous courts have recognized that the presence of individualized damages issues does not prevent a finding that the common issues in the case predominate." (citations omitted)); *see Collins v. Erin Capital Mgmt., LLC*, 290 F.R.D. 689, 700 (S.D. Fla. 2013) (determining, in a FDCPA action, that the issue of whether the debts are consumer debts

does not require individual determinations that would trump the predominance of the legal issues commonly applicable to the putative class members and that the mere existence of individualized defenses does not preclude a finding of predominance); *see Hicks v. Client Servs., Inc.*, No. 07-61822-CIV, 2008 WL 5479111, at *6 (S.D. Fla. Dec. 11, 2008) (noting that "[s]everal courts have ruled that a debt collector's lack of information regarding the types of debts it collected does not preclude class certification." (citations omitted)).   Indeed, the existence of some individual questions of law or fact will not negate the predominance of issues common to the classes. *Gaalswijk-Knetzke*, 2008 WL 3850657, at *4; *see Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 700 (S.D. Fla. 2004) (noting that not all questions of law or fact need be in common to establish predominance and that a few individual questions will not negate the predominance of common issues).   Accordingly, given that the common issues of fact and law outweigh any individualized inquiries in this matter, Roundtree has established the predominance requirement.

### ii.      Superiority

Finally, Roundtree must establish that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  Fed. R. Civ. P. 23(b)(3).  The superiority analysis focuses upon the relative advantages of proceeding as a class action suit over any other forms of litigation that might be realistically available to a moving party.  *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1183-84 (11th Cir. 2010). Here, given the large number of claims, the relatively small amount of damages available, the desirability of consistently adjudicating the claims, the high probability that individual members of the proposed classes would not possess a great interest in controlling the prosecution of the

claims, and the fact that it would be uneconomical to litigate the issues individually, a class action is the superior method by which Roundtree and the class members' claims under the FDCPA should be adjudicated. *Muzuco*, 297 F.R.D. at 522 (citation and quotation omitted); *see Klewinowski*, 2013 WL 5177865, at *5 (finding that the large number of claims, the relatively small statutory damages, desirability of adjudicating the claims consistently, and the probability that individual members would have little interest in controlling the prosecution of FDCPA claims indicated that a class action would be the superior method of adjudication). Indeed, the FDCPA anticipates the maintenance of class actions by plaintiffs. 15 U.S.C. § 1692k(a)(2)(B); *see Gaalswijk-Knetzke*, 2008 WL 3850657, at *5 ("Congress, however did not contemplate that suits under the FDCPA would be adjudicated by means of large numbers of individuals filing separate suits. On the contrary, Congress provided for class actions as a means for recovery to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action." (internal footnote, internal quotation, and citation omitted)). For the foregoing reasons, therefore, a class action is the superior method for proceeding in this action.

### IV.    Conclusion

Based on the foregoing, it is hereby

RECOMMENDED:

1.   Roundtree's Renewed Motion for Class Certification and Appointment of Class Counsel (Doc. 33) be GRANTED.

2.  Pursuant to Rule 23, the Court certify the following classes:

      a.  **The Overshadowing Class**: All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent an

initial written communication, which was not returned as undeliverable, in connection with an attempt to collect any alleged consumer debt, in which the initial written communication stated as follows:

> Unless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate actions to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon.

> and/or

> This is the only communication regarding this matter that you will receive prior to the filing of a claim of lien.

> and/or

> Any further communication regarding this matter shall be in writing for your own protection.

b. **The Fee Class**: All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent a demand for payment for Bush Ross, P.A.'s fees and expenses incurred in connection with its attempts to collect a debt from such person.

c. **The Lawsuit Class**: All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent a "Notice Required by the Fair Debt Collections Practices Act" as part of a lawsuit filed by Bush Ross, P.A. against such person.

3. The Court appoint the law firm of Greenwald Davidson PLLC as class counsel.

IT IS SO REPORTED in Tampa, Florida, this 10th day of December, 2014.

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); M.D. Fla. R. 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc*).


cc:    Hon. James D. Whittemore
       Counsel of Record