UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LINDA ROUNDTREE,**

    **Plaintiff,**

v.                                                                                          Case No: 8:14-cv-357-T-27AEP

**BUSH ROSS, P.A.,**

    **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Renewed Motion for Class Certification and Appointment of Class Counsel (Dkt. 33), which Defendant opposes (Dkt. 44). Plaintiff was granted leave to file a reply (Dkt. 49). Upon review of these filings and after a motion hearing, United States Magistrate Judge Anthony E. Porcelli issued a Report and Recommendation (Dkt. 58) recommending that Plaintiff's Motion be granted. Defendant filed objections to the Report and Recommendation (Dkt. 64), to which Plaintiff has responded (Dkt. 65). Upon consideration, Defendant's objections are **OVERRULED** and the Report and Recommendation is **ADOPTED except as stated herein** as the opinion of the Court.

**I.   INTRODUCTION**

The factual background of the dispute is thoroughly discussed in the Report and Recommendation (Dkt. 58) and is briefly recited here. Plaintiff Linda Roundtree owned and occupied a unit in the North Bay Village Condominium Association. (Dkt. 33-6 ¶ 5). Defendant Bush Ross, P.A. sent Roundtree a letter on February 12, 2013, alleging she was delinquent in her account with the condo association and threatening to file a claim of lien and foreclose on the lien.

(Dkt. 1-2). The letter included the following language, which Roundtree alleges violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*:

> Unless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate actions to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon. If a claim of lien is filed against your unit to collect the amounts stated hereinabove, you will be responsible for the cost of recording the lien ($18.50), a title search ($25.00), and certified mail ($5.00 per unit owner per address), plus additional attorney's fees of approximately $200.00.
>
> * * *
>
> This is the only communication regarding this matter that you will receive prior to the filing of a claim of lien. Any partial or lesser payment which is received after the date of this letter will be applied in accordance with Florida Statute §718.116(3), and you will be responsible for all additional attorney's fees and costs. . . . Any further communication regarding this matter shall be in writing for your own protection. (Dkt. 1 ¶¶ 15-16).

On August 20, 2013, the Association filed a lawsuit in state court, signed by members of Bush Ross, to foreclose on Roundtree's unit. (*Id.* ¶ 17). Attached to the complaint was a "Notice Required by the Fair Debt Collection Practices Act" (Dkt. 1-3), including the following language which Roundtree alleges violated the FDCPA:

> 3. The Debtor may dispute the validity of this debt, or any portion thereof, within thirty (30) days of receipt of this notice. If the debtor fails to dispute within thirty (30) days, the debt will be assumed valid by the creditor.
>
> 4. If the Debtor notifies the creditor's law firm within thirty (30) days from receipt of this Notice that the debt, or any portion thereof is disputed, the creditor's law firm will obtain verification of the debt or a copy of a judgment and a copy of the verification will be mailed to the Debtor by the creditor's law firm.
>
> 5. If the creditor named herein is not the original creditor, and if the debtor makes request to the creditor's law firm within thirty (30) days of receipt of this notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.
>
> 6. Request pursuant to this notice may be made via telephone at (813)

2

204-6492, via facsimile at (813) 223-9620, or via mail addressed to **FAIR DEBT COLLECTION, c/o Steven H. Mezer, Esquire, BUSH ROSS, P.A., P.O. Box 3913, Tampa, FL 33601**. (Dkt. 1 ¶¶ 18, 60).

Roundtree brought this purported class action, alleging the February 12, 2013 letter violated the FDCPA by causing the least-sophisticated customer to waive his FDCPA rights and overshadowing the required FDCPA notice. (*Id.* ¶¶ 31-36). Roundtree also contended the letter inflated the debt owed by including Bush Ross's fees and that the foreclosure threat was unfair. (*Id.* ¶¶ 39-42, 45-47, 49-51, 53-55). Finally, Roundtree alleged the August 20, 2013 notice included false and misleading representations, among which was the process for responding to a lawsuit, and was misleading her as to customers' FDCPA rights. (*Id.* ¶¶ 57-63).

After extensive briefing and a motion hearing (Dkts. 57, 63-1), Judge Porcelli recommended certifying the following three classes pursuant to Fed. R. Civ. P. 23:

**The Overshadowing Class**: All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent an initial written communication, which was not returned as undeliverable, in connection with an attempt to collect any alleged consumer debt, in which the initial written communication stated as follows:

> Unless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate actions to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon.
>
> and/or
>
> This is the only communication regarding this matter that you will receive prior to the filing of a claim of lien.
>
> and/or
>
> Any further communication regarding this matter shall be in writing for your own protection.

3

|  |  |
|---|---|
| **The Fee Class**: | All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent a demand for payment for Bush Ross, P.A.'s fees and expenses incurred in connection with its attempts to collect a debt from such person. |
| **The Lawsuit Class**: | All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent a "Notice Required by the Fair Debt Collections Practices Act" as part of a lawsuit filed by Bush Ross, P.A. against such person. (Dkt. 58 at 21-22). |

Bush Ross objects to the certification of all three classes, while Roundtree argues certification is proper.

**II.  STANDARD**

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Objections must "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see Leatherwood v. Anna's Linens Co.*, 384 Fed. App'x 853, 857 (11th Cir. 2010). In the absence of specific objections, there is no requirement that findings be reviewed *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Nevertheless, the district court reviews the report and recommendation for "clear error" even in the absence of objections. *Macort v. Prem, Inc.*, 208 Fed. App'x 781, 784 (11th Cir. 2006). Even if no objections to the findings or recommendations have been filed, the district court may "undertake 'further review . . . , *sua sponte* or at the request of a party, under a de novo or any other standard." *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir.2006) (quoting *Thomas v. Arn*, 474 U.S. 140, 154 (1985)).

### III. DISCUSSION

Bush Ross makes five objections to the Report and Recommendation: (1) whether each class member's debt is subject to the FDCPA is not a question subject to common proof; (2) the letters sent to the purported class members are not uniform and the letter sent to Roundtree in particular is defective; (3) common issues do not predominate over individualized issues related to Bush Ross's affirmative defenses; (4) individualized inquiries are needed to determine actual damages; and (5) the proposed class members are not adequately ascertainable. The objections will be considered in turn.

#### A. Debts Incurred 'Primarily for Personal, Family, or Household Purposes'

The FDCPA only applies to debts that are "primarily for personal, family, or household purposes." *Oppenheim v. I.C. System, Inc.*, 627 F.3d 833, 837 (11th Cir. 2010) (quoting 15 U.S.C. § 1692a(5). Bush Ross argues, correctly, that proof that the debt satisfies those criteria is an essential element of the FDCPA. Some of the letters and notices may have been sent to landlords who lease their condominiums, rather than use them for "personal, family, or household purposes." Bush Ross contends that whether the debts are primarily for personal, family, or household purposes is not capable of proof at trial through common, rather than individual, evidence, and therefore, individual questions predominate over common questions.[1]

Plaintiff does not, and cannot, dispute that whether the debts are primarily for personal, family, or household purposes is an essential element of a FDCPA claim. Plaintiff instead argues that

---

[1] While Bush Ross's contentions arguably relate to both the predominance requirement of Fed. R. Civ. P. 23(b)(3) and the commonality requirement of Rule 23(a), in practice the predominance requirement "is far more demanding than the commonality . . . inquir[y] of Rule 23(a)." *In re Photochromic Lens Antitrust Litig.*, No. 8:10-cv-00984-T-27EAJ, 2014 WL 1338605, at *16 (M.D. Fla. Apr. 3, 2014) (Whittemore, J.).

common questions predominate, namely whether Bush Ross's collection letter, attempt to charge consumers with its fees, and notice attached to the state court foreclosure complaints, violate the FDCPA. Plaintiff contends that the necessity of individualized determinations and minor differences among class members do not preclude class certification, citing a number of district court cases that have certified FDCPA class actions based on similar debt collection letters and conduct. Plaintiff also argues that it can easily be determined whether a debt is subject to the FDCPA, either on the claims form or from public records.

Determining whether common issues predominate over individual issues, as required by Rule 23(b)(3), requires an analysis of the elements of the underlying claim. *Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2184 (2011); *Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004). Although Roundtree need not show that each element of her claim is subject to common proof,[2] whether common issues predominate over individual issues "can only be determined after considering what value resolution of the class-wide issue will have in each class member's underlying cause of action." *Rutstein v. Avis Rent-A-Car Systems, Inc.*, 211 F.3d 1228, 1234 (11th Cir. 2000).

While several courts have certified FDCPA classes despite objections that individual issues related to classification of the debt preclude predominance, in most of those cases, the class definition excluded non-consumer debts. *See Walker v. Greenspoon Marder, P.A.*, No. 2:13-cv-14487-KAM, Dkt. 78 at 8 (S.D. Fla. Jan. 6, 2015) (certifying FDCPA class of persons with "debt incurred for personal, family, or household purposes"); *Collins v. Erin Capital Management, LLC*, 290 F.R.D. 689, 700 (S.D. Fla. 2013) (certifying FDCPA class where the "proposed class definition

---

[2] *Amgen Inc. v. Conn. Retirement Plans & Trust Funds*, 133 S.Ct. 1184, 1196 (2013).

limits the class to persons against whom attempts to collect debts incurred for personal, family, or household purposes"); *Hicks v. Client Services, Inc.*, No. 07-61822-CIV, 2008 WL 5479111 (S.D. Fla. Dec. 11, 2008), at *10 (certifying FDCPA class of consumers who received a communication "to collect a debt incurred for personal, family, or household purposes"); *Marcarz v. Transworld Systems, Inc.*, 193 F.R.D. 46, 58 (D. Conn. 2000) (certifying FDCPA class of consumers who received communications that "concerned a non-business debt"); *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 669 (M.D. Fla. 1999) (certifying FDCPA class of consumers with debts "shown by Defendants' records to be primarily for personal, family, or household purposes, *e.g.*–medical services").[3]

The class definitions recommended by Judge Porcelli, with the possible exception of the Overshadowing Class,[4] do not limit class members to those whose debts were incurred for personal, family, or household purposes. Accordingly, the class definitions will be revised to include only debts incurred for personal, family, or household purposes.[5] Bush Ross's argument that "mini-trials" would be necessary to determine whether the debts incurred were primarily for personal, family, or household purposes is no longer a concern.[6]

After the exclusion of non-consumer debts from the class, Bush Ross's remaining objections relating to common proof are unavailing. Roundtree's contentions, including that Bush Ross is a debt

---

[3] *But see Agan v. Katzmann & Korr, P.A.*, 222 F.R.D. 692, 702 (S.D. Fla. 2004) (certifying class of consumers who received communication "to collect a debt incurred for a residential property assessment").

[4] The Overshadowing Class defines the class as receiving a communication in relation to "any alleged consumer debt." (Dkt. 58 at 21).

[5] "Rule 23(c)(1) specifically empowers district courts to alter or amend class certification orders at any time prior to a decision on the merits." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1273 (11th Cir. 2000).

[6] Bush Ross's related arguments about the ascertainability of class members are discussed *infra*.

collector within the meaning of the FDCPA, that Bush Ross engaged in collection activity, and that its actions violated the FDCPA, are now "capable of classwide resolution—which means that determination of [their] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

Bush Ross cites two cases denying class certification for FDCPA claims based on predominance, but these cases are distinguishable.[7] In *Neves v. Nationwide Credit, Inc.*, No. 1:95-cv-1532-GET, 1996 U.S. Dist. LEXIS 22241 (N.D. Ga. Mar. 20, 1996), the court rested its decision not to certify a FDCPA class partly on the plaintiff's adequacy of representation, including her "alarming lack of knowledge" about the lawsuit, not an issue here. *Id.* at *6-8. The court also found a lack of "predominant commonality," based on the "uniquely individual task of determining whether the debt . . . was incurred primarily for personal or business purposes." *Id.* at *10. And the proposed class in *Neves* applied to "consumer debts," rather than the more specific and easily determinable test of whether the debts were for personal, family, or household purposes. *Id.* at *3. Here, individual inquiries about the nature of the debt will not predominate over common questions, as non-consumer debts will be excluded from the class. Bush Ross also cites *Lewis v. Jesse L. Riddle, P.C.*, No. 97-0542, 1998 U.S. Dist. LEXIS 20465 (W.D. La. Nov. 18, 1998), in which the court denied certification based in part on the difficulty of determining whether debts were incurred by consumers or businesses. *Id.* at *13-14. *Lewis*, however, is at odds with the weight of authority certifying FDCPA class actions in similar situations. (*See* Dkt. 58 at 19-20 (collecting cases)).

---

[7] Additionally, the overwhelming majority of courts that have considered challenges to certifying FDCPA classes when the communications are allegedly identical have found Rule 23(b)(3) requirements met and certified classes. (*See* Dkt. 58 at 18-20).

### B.  Uniformity of Debt Collection Communications

Bush Ross's second objection to the Report and the Recommendation is based on the language in its form collection letter. According to Bush Ross, the letter typically stated: "Any further communication regarding this matter *should* be in writing for your protection." Roundtree's letter, however, was modified by an employee "without authorization" to state: "Any further communication regarding this matter *shall* be in writing for your protection." (Dkt. 45 ¶ 28) (emphasis added). As Bush Ross no longer challenges numerosity, it is unclear how the alleged lack of uniformity in the letters undermines the appropriateness of class treatment. If the letters the other consumers received did not include the language in Roundtree's letter (or the other language in the definition of the Overshadowing Class), those consumers simply will not be members of the class. And a decision on whether the 'shall' language violates the FDCPA would bind only those consumers who received a letter that included that language. *See* Rule 23(c). Bush Ross's second objection will therefore be overruled.

### C.  Individualized Defenses

Next, Bush Ross contends the presence of affirmative defenses, namely that some putative class members may lack standing because they filed for bankruptcy after the complained of conduct, that some class members have released Bush Ross, and that others are estopped from bringing FDCPA claims because they asserted them in the lien foreclosure action, means that individualized issues predominate over common questions. While some of these affirmative defenses may create individual issues for some class members, the common issues of whether Bush Ross is subject to the FDCPA and whether its actions violated the FDCPA predominate. *See Allapattah Services, Inc. v. Exxon Corp.*, 333 F.3d 1248, 1260 (11th Cir. 2003) (When "issues [related to the elements of the

claim] were subject to generalized proof and predominated over the individual issues raised by [defendant's] affirmative defenses, class certification was proper."); *Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004) ("Under Rule 23(b)(3) it is not necessary that all questions of law or fact be common, but only that some questions are common and that they predominate over the individual questions.").

### D. Damages

Bush Ross's objection to class certification based on the difficulty of determining actual damages is not well taken. As Judge Porcelli pointed out, courts have long "recognized that the presence of individualized damages issues does not prevent a finding that the common issues in the case predominate." (Dkt. 58 at 19, quoting *Allapattah Servs.*, 333 F.3d at 1261.). "Common issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damage issues." *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 139 (2d Cir. 2001) (collecting cases) (*overruled in part on other grounds by In re Initial Public Offering Securities Litig.*, 471 F.3d 24 (2d Cir. 2006)). Here, the damages issues raised by Bush Ross do not preclude a finding of Rule 23(b)(3) predominance.

### E. Ascertainability of Class Members

Finally, Bush Ross challenges the ascertainability of class members, an "implicit" requirement of Rule 23.[8] *See Bussey v. Macon County Greyhound Park, Inc.*, 562 Fed. App'x 782, 787 (11th Cir. 2014). "Before a district court may grant a motion for class certification, a plaintiff seeking to represent a proposed class must establish that the proposed class is "adequately defined

---

[8] Roundtree argues that Bush Ross failed to raise this argument before Judge Porcelli, thus waiving it. However, Bush Ross did raise the argument in its brief to Judge Porcelli, albeit briefly, and therefore will be considered. (*See* Dkt. 44 at 28).

and clearly ascertainable.'" *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) (quoting *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970)).[9] A class is identifiable "if its members can be ascertained by reference to objective criteria." *Bussey*, 562 Fed. App'x at 787 (quoting *Fogarazzo v. Lehman Bros., Inc.*, 263 F.R.D. 90, 97 (S.D.N.Y. 2009)). Further, those objective criteria should be subject to an "administratively feasible" analysis, meaning that "identifying class members is a manageable process that does not require much, if any, individual inquiry." *Id.* (quotation omitted).

Here, Bush Ross maintains records of its collection letters and their recipients, which should provide sufficient information to ascertain the individuals who received the language which allegedly violated the FDCPA. (*See* Dkt. 45 ¶¶ 9, 15-16, 21; Dkt. 31-2 (referencing necessity of file-by-file review to respond to Roundtree's propounded discovery)). Although Bush Ross's files may not include evidence of whether the recipients incurred the debts for "personal, family, or household purposes," this information is available through other channels, including publicly-available homestead records, claims forms, and affidavits of class members. *See Collins*, 290 F.R.D. at 700 (finding that claims forms and additional investigation at the damages stage can determine whether an individual's debt was incurred for personal or business purposes); *Hicks*, 2008 WL 5479111, at *6 ("Several courts have ruled that a debt collector's lack of information regarding the types of debts it collected does not preclude class certification."). The objection to ascertainability is therefore overruled.

---

[9] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

**IV. CONCLUSION**

1. Defendant's objections to the Report and Recommendation (Dkt. 64) are **OVERRULED**.

2. The Report and Recommendation (Dkt. 58) is **ADOPTED** as the opinion of the Court, except to the extent stated in this Order, for all purposes, including for appellate review.

3. The following classes are **CERTIFIED**:

   a. **The Overshadowing Class**: All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent an initial written communication, which was not returned as undeliverable, in connection with an attempt to collect any alleged debt incurred for personal, family, or household purposes, in which the initial written communication stated as follows:

   > Unless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate actions to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon.

   > and/or

   > This is the only communication regarding this matter that you will receive prior to the filing of a claim of lien.

   > and/or

   > Any further communication regarding this matter shall be in writing for your own protection.

    b.    **The Fee Class:**    All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent a demand for payment for Bush Ross, P.A.'s fees and expenses incurred in connection with its attempts to collect a debt incurred for personal, family, or household purposes from such person.

    c.    **The Lawsuit Class:**    All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent a "Notice Required by the Fair Debt Collections Practices Act" as part of a lawsuit filed by Bush Ross, P.A. to collect a debt incurred for personal, family, or household purposes against such person. (Dkt. 58 at 21-22).

4.    The parties are **DIRECTED** to submit a revised case management schedule within 14 days of the date of this Order. (*See* Dkts. 55, 56).

**DONE AND ORDERED** this 17th day of February, 2015.

                                                                 JAMES D. WHITTEMORE
                                                                  United States District Judge

Copies to:
Counsel of Record