## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**LINDA ROUNDTREE,**

      **Plaintiff,**

**v.**                                                    **Case No: 8:14-cv-357-T-27AEP**

**BUSH ROSS, P.A.,**

      **Defendant.**

_____/

### ORDER

**BEFORE THE COURT** is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Dkt. 104). Upon consideration, the motion is **GRANTED**. Final approval of the class action settlement and attorneys' fees is deferred pending a fairness hearing, which is scheduled for **January 28, 2016**, at **3:00 p.m.**, in Courtroom 13B of the Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, Florida, 33602.

## I.   INTRODUCTION

This class action concerns communications sent by Defendant Bush Ross, P.A., which are alleged to violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. The magistrate judge recommended certification of three classes based on Fed. R. Civ. P. 23, and the Court adopted the recommendation in part, modified the class definitions, and certified three classes, the "Overshadowing Class,"[1] the "Fee Class,"[2] and the "Lawsuit Class."[3] (Dkts. 58, 66). Defendant

---

[1] The Overshadowing Class is defined as:

> All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent an initial written communication, which was not returned as undeliverable, in connection with an attempt to collect any alleged debt incurred for personal,

moved for reconsideration of the order granting class certification and petitioned the Eleventh Circuit for permission to appeal the decision pursuant to Rule 23(f). Both motions were denied. (Dkts. 79, 103).

The parties provided notification that they had reached a settlement on June 29, 2015, and then filed the pending motion, seeking preliminary approval of the class action settlement and the form and content of the class notice.

## II.   FORM AND CONTENT OF CLASS NOTICE

The adequacy of class notice "is measured by reasonableness." *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1239 (11th Cir. 2011) (citing Fed. R. Civ. P. 23(e)). The notice must provide

---

family, or household purposes, in which the initial written communication stated as follows:

Unless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate actions to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon.

and/or

This is the only communication regarding this matter that you will receive prior to the filing of a claim of lien.

and/or

Any further communication regarding this matter shall be in writing for your own protection.

[2] The Fee Class is defined as:

All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent a demand for payment for Bush Ross, P.A.'s fees and expenses incurred in connection with its attempts to collect a debt incurred for personal, family, or household purposes from such person.

[3] The Lawsuit Class is defined as:

All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent a "Notice Required by the Fair Debt Collections Practices Act" as part of a lawsuit filed by Bush Ross, P.A. to collect a debt incurred for personal, family, or household purposes against such person.

2

the class members with "information reasonably necessary to make a decision whether to remain a class member and be bound by the final judgment or opt out of the action." *Id.* (quoting *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1104-05 (5th Cir. 1977)).[4] However, the notice need not include "every material fact" or be "overly detailed," and the old Fifth Circuit noted that "an overly detailed notice" risked confusion to class members and the "encumber[ance of] their rights to benefit from the action." *Nissan*, 552 F.2d at 1104. Rule 23(c)(2)(B) requires the notice to state in plain, easily understood language the nature of the action, the definition of the certified classes, the class claims and issues, class members' rights to enter an appearance through an attorney, class members' rights to exclude themselves and the time and manner for doing so, and the binding effect of a class judgment on members who are not excluded. Fed. R. Civ. P. 23(c)(2)(B).

The proposed form and content of the class notice (Dkts. 104-1 Exhibits B and C) provide class members with the information required by Rule 23(c)(2)(B). The class notice provides reasonably adequate information about the nature of the action and the class settlement, and provides sufficient details for class members to determine whether to remain in the class or opt out. Accordingly, the form and content of the class notice are approved.

## III.   SETTLEMENT AGREEMENT

The parties moving for settlement must develop a record to demonstrate that the settlement is fair, reasonable, and adequate. *Faught*, 668 F.3d at 1239. In reviewing whether a settlement is fair, reasonable, and adequate, the following factors are considered: (1) the likelihood of success on the merits, (2) the range of possible recovery, (3) the range of possible recovery at which a settlement

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

is fair, adequate, and reasonable, (4) the complexity, expense, and duration of the litigation, (5) opposition to the settlement, and (6) the stage of proceedings at which settlement was reached. *Id.* at 1240 (citing *In re CP Ships Ltd. Sec. Litig.*, 578 F.3d 1306, 1314-15 (11th Cir. 2009)). Courts also consider whether there has been any fraud or collusion behind the settlement. *Leverso v. SouthTrust Bank of Ala., N.A.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994).

A preliminary review reveals the settlement is fair, reasonable, and adequate. Defendant presented non-frivolous defenses, which made the likelihood of success on the merits unclear for the class. The recovery for the class members of $70,000 is fair, reasonable, and adequate, particularly in light of the FDCPA's limitation on damages to one percent of the debt collector's net worth. 15 U.S.C. § 1682k(A)(2)(B). Defendant contended its net worth was negative, and the parties eventually agreed to stipulate Defendant's net worth was $3.5 million, so the settlement represents two percent of its net worth. (*See* Dkts. 98, 100, 104). The litigation had already been complex and expensive, with significant motion practice on the question of class certification and Bush Ross's net worth, and summary judgment and trial would likely also have been complex, expensive, and time-consuming. At this stage, there is no opposition to the settlement. Settlement was reached after a class was certified and finalized after the Eleventh Circuit denied Bush Ross's Rule 23(f) petition, a stage of litigation that supports the fairness of the settlement. *See In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1349 (S.D. Fla. 2011) (extensive motion practice and discovery supports finding the settlement is fair) (citing *Bennett v. Behring Corp.*, 737 F.2d 982, 988 (11th Cir. 1984)). Finally, there is no indication of any fraud or collusion, and both parties have aggressively and skillfully litigated this case. Accordingly, the settlement is preliminarily approved. Final approval of the settlement and approval of the attorneys' fees, which were calculated separately, is deferred

until completion of the fairness hearing.

IV.   CONCLUSION

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Dkt. 104) is **GRANTED** and the settlement is preliminarily approved. Final approval of the settlement and approval of the attorneys' fees is **DEFERRED** pending the final fairness hearing.

A fairness hearing is scheduled for **January 28, 2016**, at **3:00 p.m.**, in Courtroom 13B of the Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, Florida, 33602.

The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case.

**DONE AND ORDERED** this 17th day of September, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

5