UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

———————————————————— x
: Case No.: 8:14-cv-00357-JDW-AEP
LINDA ROUNDTREE, Individually and On :
Behalf of Others Similarly Situated, :
:
                Plaintiff, :
:
vs. :
:
BUSH ROSS, P.A., :
:
                Defendant. :
:
———————————————————— x

## FINAL ORDER AND JUDGMENT

On July 27, 2015, Linda Roundtree ("Plaintiff") filed her unopposed motion to preliminarily approve the parties' class action settlement. ECF No. 104.

On September 17, 2015, this Court granted Plaintiff's unopposed motion to preliminarily approve the class action settlement. *Roundtree v. Bush Ross, P.A.*, Case No. 8:14-cv-00357-JDW-AEP, 2015 WL 5559461 (M.D. Fla. Sept. 17, 2015).

On October 19, 2015, administrator First Class, Inc. distributed notice of the class action settlement, in accordance with the Court's order preliminarily approving the settlement.

On December 15, 2015, Plaintiff filed her unopposed motion to finally approve the class action settlement.

On January 28, 2016, this Court held a fairness hearing regarding the parties' class action settlement.

Having considered Plaintiff's motion, this Court finally approves the class action settlement. The Court finds that the settlement of the lawsuit, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the

1

best interest of the Class Members, especially in light of (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, expense, and duration of litigation; (5) the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *Fraught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011).

The Court reaffirms that this matter meets the requirements for class certification under Federal Rule of Civil Procedure 23. *See Roundtree v. Bush Ross, P.A.*, 304 F.R.D. 644 (M.D. Fla. 2015).

As this Court previously held, the certified classes are defined as follows:

**The Overshadowing Class:** All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent an initial written communication, which was not returned as undeliverable, in connection with an attempt to collect any alleged debt incurred for personal, family, or household purposes, in which the initial written communication stated as follows:

> Unless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate actions to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon. and/or

> This is the only communication regarding this matter that you will receive prior to the filing of a claim of lien. and/or

> Any further communication regarding this matter shall be in writing for your own protection.

**The Fee Class:** All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent a demand for payment for Bush Ross, P.A.'s fees and expenses incurred in connection with its attempts to collect a debt incurred for personal, family, or household purposes from such person.

**The Lawsuit Class:** All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent a "Notice Required by the Fair Debt Collections Practices Act" as part of a lawsuit filed by Bush Ross, P.A. to collect a debt incurred for personal, family, or household purposes against such person.

*Id.* at 656-57.

This Court reaffirms its appointment of Linda Roundtree as class representative, and Michael L. Greenwald and James L. Davidson of Greenwald Davidson Radbil PLLC as Class Counsel. *See id.*, at 661; *see also, e.g., Prater v. Medicredit, Inc.*, No.: 4:14-cv-00159-ERW, 2015 WL 8331602, at *2 (E.D. Mo. Dec. 7, 2015); *McWilliams v. Advanced Recovery Systems, Inc.*, --- F.R.D. ----, 2015 WL 6686211, at *2 (S.D. Miss. Nov. 3, 2015); *Oaks v. Parker L. Moss, P.C.*, Case No. 3:15-CV-00196-CAN, 2015 WL 5737595, at *1 (N.D. Ind. Sept. 29, 2015); *Jones v. I.Q. Data Int'l, Inc.*, Case 1:14–cv–00130–PJK–GBW, 2015 WL 5704016, at *2 (D.N.M. Sept. 23, 2015).

This Court approves the terms of the class action settlement, the material terms of which include, but are not limited to:

Bush Ross, P.A. ("Defendant") will establish a settlement fund in the amount of $70,000.00. Out of the settlement fund, Defendant will pay each Class Member who submitted a valid claim form a pro-rata portion.

Separately, Defendant will pay all costs and expenses of administering the class action settlement and providing notice to Class Members.

Separately, the Court approves Class Counsel's request for an award of attorneys' fees and expenses in the total amount of $170,000.00. *See Dikeman v. Progressive Exp. Ins. Co.*, 312 Fed. Appx. 168, 172 (11th Cir. 2008) (weighing the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the

experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.).

This Court additionally finds that the parties' notice of class action settlement, and the distribution thereof, satisfied the requirements of due process under the Constitution and Federal Rule of Civil Procedure 23(e), that it was the best practicable under the circumstances, and that it constitutes due and sufficient notice to all persons entitled to notice of class action settlement. This Court similarly finds that the parties' notice of class action settlement was adequate and gave all Class Members sufficient information to enable them to make informed decisions as to the parties' proposed settlement, and the right to object to, or opt-out of, it.

This Court additionally finds that parties' settlement, on the terms and conditions set forth in their class action settlement agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members.

This Court finds that the Class Members were given a fair and reasonable opportunity to object to the settlement. No Class Member objected to the settlement, and one Class Member excluded herself from the settlement.

This order is binding on the class representative and all Class Members, except for Penny Kiefer, who timely and validly excluded herself from the settlement.

This Court approves the individual and class releases set forth in the parties' class action settlement agreement. The Released Claims are consequently compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

This action is dismissed with prejudice as to all other issues and as to all parties and claims.

This court retains continuing and exclusive jurisdiction over the parties and all matters

relating this matter, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED.

Dated: January 28th, 2016.

                                                  The Honorable James D. Whittemore
                                                  United States District Court Judge